UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |  |
|---|---|---|
| **KAREN MAGERS**<br>**Plaintiff,** | §<br>§<br>§<br>§<br>§ |  |
| v. | § | EP-12-CV-00368-DCG |
|  | § |  |
| **BANK OF AMERICA, N.A.; and**<br>**BEVERLY MITRISIN, as Trustee;**<br>**Defendants.** | §<br>§<br>§<br>§<br>§ |  |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is Plaintiff Karen Magers's ("Magers") "Response to Orders to Show Cause Regarding Pro Hac Vice and Motion to Dismiss" (ECF No. 20) (construed as a motion to remand) filed on January 23, 2013, in the above-captioned removed case. Therein, Magers requests the Court to remand the case back to the state court. Also before the Court for consideration is Defendant Bank of America, N.A.'s ("Bank of America") "Response to Plaintiff's Motion to Remand and Brief in Support" (ECF No. 22) filed on February 4. After carefully considering Magers's state court petition, Bank of America's response, and the applicable law, the Court is of the view that the case should be REMANDED.

## BACKGROUND

On or about June 16, 2008, Magers executed a promissory note for $75,047.00 payable to Countrywide Bank, FSB ("Countrywide") as the lender on a purchase money (or a home equity) loan. Concurrently with the execution of the note, Magers executed a deed of trust granting a lien on the real property located at 9443 Gschwind, El Paso, Texas (the "property") to secure payment of the note. According to Magers's complaint, on May 19, 2011, an assignment of interest was made to Bank of America. Subsequently, Magers alleges, Bank of America instructed Beverly Mitrisin ("Mitrisin"), the substituted trustee, to sell the property at a foreclosure sale, which was set for August 7, 2012. On the day of the sale, Magers brought this action against Bank of America and Mitrisin, and filed her "Original Petition for Declaratory Judgment, Requests for Disclosure" (ECF No. 1-2) in the 327th Judicial District Court of El Paso County, Texas, in Cause No. 2012DCV05154. On August 14, Magers filed her "First Amended Original Petition for Declaratory Judgment, Requests for Disclosure" (ECF No. 1-4). Therein, Magers alleges that she was never provided notice of default and notice of sale as required under the deed of trust and by the Texas Property Code. She asserts a cause of action for breach of contract and seeks damages, injunctive relief, and declaratory relief.

On September 14, 2012, Defendant Bank of America removed the case to this Court, based on diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(a)-(b), claiming that Defendant Mitrisin was joined improperly and therefore that her presence should be disregarded for purposes of determining diversity. Notice of Removal 3, ECF No. 1. On September 20, Bank of America filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is currently pending before the Court. Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) & Br. in Support, ECF No. 3. Because Magers did not respond to that motion, on January 9, 2013, the Court issued an Order instructing her to show cause why Bank of America's motion

should not be granted as unopposed.[1] Order to Show Cause Regarding Mot. to Dismiss, ECF No. 17. Magers responded by filing her "Response to Orders to Show Cause Regarding Pro Hac Vice and Motion to Dismiss" (ECF No. 20), on January 23. Therein, Magers urges the Court not to dismiss the case, but to remand the case because the Court lacks subject matter jurisdiction. Resp. to Orders to Show Cause 1, ECF No. 20. Specifically, Magers contends that there is not complete diversity because she and Mitrisin are Texas citizens. *Id.* at 1–2. Bank of America followed by filing its response. Resp. to Pl.'s Mot. to Remand & Br. in Support [hereinafter BOA's Resp.], ECF No. 22.

Because in her "Response to Orders to Show Cause Regarding Pro Hac Vice and Motion to Dismiss," Magers urges the Court to remand the case to the state court, the Court construes that filing as a motion to remand. The Court now turns to the merits of the parties' contentions.

## APPLICABLE LAW AND STANDARD

To remove a civil action from a state court to a federal court on the basis of diversity jurisdiction, the removing defendants must show, *inter alia*, that there is complete diversity of citizenship among the parties and that no defendant properly joined is an in-state defendant, i.e., a citizen of the state in which the action is brought. 28 U.S.C. §§ 1332, 1441(a)–(b); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (*en banc*). That requisite showing is subject to a narrow exception—the doctrine of fraudulent joinder, or more accurately, improper joinder.[2] *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.

---

[1] On the same day, the Court issued another Order instructing Magers to show cause why her attorney, Alexander S. Roig, did not file a motion to appear *pro hac vice*, despite a letter from the Clerk of the Court advising counsel Roig to do so. Order to Show Cause Regarding Pro Hac Vice Mot., ECF No. 16.

[2] Fifth Circuit precedent interchangeably uses the terms "fraudulent joinder" and "improper joinder" to describe the joinder of non-diverse defendants to defeat removal or diversity jurisdiction. Although there is no substantive difference between the two terms, "improper" joinder is the preferred term. *Smallwood*, 385 F.3d at 571 n.1.

2005). The doctrine "ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing defendants carry the heavy burden of proving improper joinder, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999), and if that burden is not met, the defendants are "not entitled to remove, and remand is mandated," *Smallwood*, 385 F.3d at 575. Improper joinder may be established by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. Only the second method of establishing improper joinder is alleged by Bank of America.

Under the second method, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In making this determination, the court must evaluate any ambiguity or uncertainty in the controlling state law and all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of material fact in favor of the plaintiff. *Griggs*, 181 F.3d at 699; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). The court does not determine "whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 309 (citations omitted). "'This *possibility, however, must be reasonable*, not merely theoretical.'" *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (emphasis in original) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

To determine whether a plaintiff has a reasonable basis of recovery against an in-state defendant, a court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of

the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff survives a "hypothetical" Rule 12(b)(6) challenge, there is no improper joinder. *Id.*; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224 (5th Cir. 2005). However, even if the plaintiff states a valid claim, a court in its discretion may "pierce the pleadings" and conduct a "summary inquiry," *Smallwood*, 385 F.3d at 573, which is appropriate "'only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant,'" *Guillory*, 434 F.3d at 310 (quoting *Smallwood*, 385 F.3d at 574).

Finally, "as 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). The federal courts "must not trespass upon the judicial 'turf' of the state courts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981). Accordingly, courts must strictly and narrowly interpret the removal statutes, resolving any doubt about the propriety of removal in favor of remand. *Gasch*, 491 F.3d at 281–82 (citation omitted).

## DISCUSSION

As an initial matter, the Court notes that Magers did not challenge this Court's subject matter jurisdiction until approximately four months after the removal. It is, of course, axiomatic that "a challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's very power to hear the case." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). The thrust of Magers's challenge is that although she and Defendant

Bank of America are diverse citizens, Defendant Mitrisin, the substitute trustee,[3] like her, is a Texas citizen, and therefore complete diversity of citizenship is lacking. Resp. to Orders to Show Cause 1–2, ECF No. 20. Bank of America, which, as the removing party, has the burden to establish that federal jurisdiction existed at the time of removal, *see Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), concedes that Magers and Mitrisin are not diverse, but contends that Mitrisin should be disregarded for the purpose of removal jurisdiction. BOA's Resp. 3. To so disregard, this Court must find that the joinder of Mitrisin was improper. *See Smallwood*, 385 F.3d at 572. To that end, the Court's "Rule 12(b)(6)-type analysis" must begin with Magers's state court petition at the time of removal, i.e., her "First Amended Original Petition for Declaratory Judgment, Requests for Disclosure" [hereinafter referred to as the "amended complaint" or simply the "complaint"] (ECF No. 1-4). *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (stating that removal jurisdiction is determined by looking to the claims in the state court complaint as they existed at the time of removal).

Bank of America contends that Magers has no reasonable possibility of recovery against Mitrisin because her complaint does not allege any specific facts against Mitrisin, nor does it include any claim specifically against Mitrisin. BOA's Resp. 3. Although Magers's complaint is rather tersely written and somewhat confusing,[4] it alleges that Bank of America instructed

---

[3] "'Substitute trustee'" means a person appointed by the current mortgagee or mortgage servicer under the terms of the security instrument to exercise the power of sale." Tex. Prop. Code § 51.001(7).

[4] Magers's amended complaint, like certain filings by Bank of America, contains a few confusing statements. For example, the complaint states: "If *Owen Financial Corporation* and Beverly Mitrisin are not enjoined as requested all the original ideas of the plaintiffs [sic] homestead will be lost and are irreplaceable." First Am. Original Pet. for Declaratory J, Reqs. for Disclosure 4 (emphasis added), ECF No. 1-4. "Owen Financial Corporation" is not a party to this suit. However, in her original complaint, Magers correctly referred to Bank of America as the defendant for the same statement. Original Pet. for Declaratory J., Reqs. for Disclosure 5 [hereinafter Pl.'s Orig. Compl.] ("If Bank of America, NA and Beverly Mitrisin are not enjoined as requested all the original ideas of the plaintiffs [sic] homestead will be lost and are irreplaceable."), ECF No. 1-2. Likewise, Bank of America committed the same error. In

-6-

Mitrisin to sell the property at a public foreclosure sale on August 7, 2012, but that Magers was not given notice of default and notice of sale as required by the deed of trust and the Texas Property Code. First Am. Original Pet. for Declaratory J., Reqs. for Disclosure 3 [hereinafter Am. Compl.], ECF No. 1-4.[5] In Texas, before a foreclosure sale can be executed, the mortgage servicer[6] must give the debtor "written notice . . . stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop. Code § 51.002(d). Once these criteria have been satisfied, the debtor must be given "at least 21 days before the date of the sale . . . written notice of the sale" *Id.* § 51.002(b)(3). "The statutory notice provisions of section 51.002 seek to not only protect the debtor by affording him a lengthy notice period in which he may cure, but also adequately inform the third party public in order to maximize the likelihood of a profitable public sale at market value in which the debtor may recover his equity in his property." *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S. W. 2d 672 674–75 (Tex. 1987). The deed of trust[7] here requires that the lender comply with the applicable law for all notices to the borrower and further states:

---

an affidavit submitted by Bank of America, the affiant declares: "I am an attorney for Higier Allen & Lautin, P.C., attorneys for *Defendant Ocwen Loan Servicing, LLC*." Decl. of Adrian L. Guerra-Paz 1 (emphasis added), ECF No. 1-7.

[5] Citations to the state-court filings are made directly to the attachments containing such filings and submitted as part of various documents, including the Notice of Removal (ECF No. 1), filed by Bank of America. Further, these citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number printed at the top of a state-court document, not the page number of the actual document, typically located at the bottom of the document.

[6] "'Mortgage servicer'" means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer." Tex. Prop. Code § 51.001(3).

[7] Magers's complaint refers to "Deed of Trust" and cites to an "Exhibit A." Am. Compl. 3. But the complaint as filed with Bank of America' Notice of Removal does not include any exhibit. Nevertheless, Bank of America submitted a copy of the Deed of Trust in support of its motion to dismiss, which is currently pending before the Court. Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) & Br. in Support, Attach. 2, ECF No. 3. Accordingly, the Court will look to the Deed of Trust where necessary. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they

> If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law.

Deed of Trust ¶¶ 13–14, 18, ECF No. 3-2. "Because a trustee's power to sell the property is derived from the deed of trust and statute, strict compliance with these requirements is considered a prerequisite to the trustee's right to make the sale." *Myrad Props., Inc., v. LaSalle Bank Nat'l Ass'n*, 252 S.W.3d 605, 615 (Tex. App—Austin 2008), *rev'd on other grounds*, 300 S.W.3d 746 (Tex. 2009) (citations omitted); *see also Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale.").

In her amended complaint, Magers specifically alleges:

> 1. Plaintiff was not given the notice of default and opportunity to cure prior to acceleration within the strict time limits imposed by the Deed of Trust and the Texas Property Code regarding the foreclosure of homestead. By not providing correct information regarding the default plaintiffs [sic] were [sic] deprived of an opportunity to cure.
>
> 2. Plaintiffs [sic] did not receive a notice of sale or substitution of trustee in writing and signed, as required by the Texas Property Code.

Am. Compl. 3. Based on these factual allegations, which the Court must evaluate "in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff," *Guillory*, 434 F.3d at 308, Magers asserts a cause of action for breach of contract and seeks, *inter alia*, damages and declaratory relief. Am. Compl. 3–4. Specifically, she asks the Court to declare "the [f]orclosure to be without force and effect and that the foreclosure is invalid and in violations of the Plaintiffs' [sic] rights." *Id.* at 3. While the complaint does not allege

---

are referred to in the plaintiff's complaint and are central to her claim." (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000))).

-8-

facts of the foreclosure,[8] it can be reasonably inferred from Magers's request for the declaratory relief that the property was sold at a foreclosure sale. Indeed, in a pleading filed after the removal, Bank of America states that the property was sold by substitute trustee's sale on or about August 7, 2012. Mot. for Leave to File Its Original Countercl. Against Pl., Ex A, at 3, ECF No. 15. Consequently, Magers suffered a loss or injury to the extent that she lost her "home and homestead." Am. Compl. 4.

A borrower who suffers loss or material injury because of irregularities in a foreclosure sale is entitled to maintain a suit for wrongful foreclosure for relief by way of damages or invalidation of the sale. *See Gainesville Oil & Gas Co. v. Farm Credit Bank of Tex.*, 847 S.W.2d 655, 659 (Tex. App.—Texarkana 1993, no writ); *see also Kainer v. ABMC Corp.*, No. 01-05-00338-CV, 2006 WL 407794, at *3 n.2 (Tex. App.—Houston [1st Dist.] Feb. 23, 2006, no pet.) (mem. op.) ("Notice of foreclosure is relevant . . . to [a] cause of action . . . for wrongful foreclosure."). *Cf. Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (holding the debtor-plaintiffs "cannot state a claim for wrongful foreclosure [against the substitute trustees] because no foreclosure sale has occurred."). Accordingly, although Magers's complaint does not expressly plead a cause of action for wrongful foreclosure, construing her complaint liberally, *see Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex. 1977) ("It is well established that in the absence of special exceptions, the petition will be construed liberally in the pleader's favor."), the Court deems her factual allegations to affirmatively set out and give fair notice of an intent to pursue a claim of wrongful foreclosure.[9] *See UMLIC VP LLC*

---

[8] Magers filed her original complaint on August 7, 2012, and according to that pleading, her property was to be sold on that same day. These allegations are repeated in her amended complaint filed a week later on August 14. However, as with her original complaint, Magers's amended complaint fails to allege whether the property was actually sold on or after August 7.

[9] Moreover, "[a deed of trust trustee] must act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977). That duty is breached where the substitute trustee conducts a defective foreclosure

*v. T & M Sales & Env't Sys., Inc.*, 176 S. W. 3d 595, 609 (Tex. App.—Corpus Christi 2005, pet. denied) (construing liberally the debtors' statements in their answer—that "[b]y way of further answer the [debtors] would show . . . [that the lender] failed to give notice of foreclosure, that it failed to foreclose on the subject property, and that its sale of the subject property was without such notice as required by law and [the lender's] efforts to collect on the unjust debt are wrongful and illegal"—as setting out a cause of action for a wrongful foreclosure, even though the debtors failed to explicitly plead such an action); *see also Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory."). Bank of America has not shown why Magers has no possibility of recovering against Mitrisin based on these allegations. *See King v. Bank of N.Y.*, No. C.A. C-05-408, 2005 WL 2177209, at *5 (S.D. Tex. Sept.7, 2005) (The "[p]laintiff has alleged improper notice of the foreclosure, which, if true, might subject [the substitute trustee] to liability to the extent she is responsible for the defect."); *Newton v. Mallory*, 601 S.W.2d 181, 183 (Tex. Civ. App.—Dallas 1980, no writ) ("a trustee . . . should respond by the same measure of damages, if [her] want of notice caused a foreclosure, as a mortgagee responds if he wrongfully conducts a foreclosure.").

Bank of America nevertheless argues that Mitrisin acted solely in her capacity as its agent and as a substitute trustee, and as such, her citizenship should be ignored in assessing diversity of citizenship. BOA's Resp. 3–5. However, "'[a] trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility.'" *Johnson v. Ocwen Loan Servicing, LLC*, No. 02:09-CV-00047, 2009 WL 2215103, at *4 (S.D. Tex. July 22, 2009)

---

sale because he and the lender have failed to provide proper notice pursuant to § 51.002 of the Texas Property Code and the deed of trust. *Johnson v. Ocwen Loan Servicing, LLC*, No. 02:09-CV-00047, 2009 WL 2215103, at *3 (S.D. Tex. July 22, 2009). "[A] breach of this duty may be stated under Texas law as a claim for wrongful foreclosure." *Pou v. Brown & Shapiro*, No. 3:96-CV-3364-D, 1997 WL 102470, at *2 (N.D. Tex. Feb. 27, 1997) (citing *Hammonds*, 559 S.W.2d at 346–47).

(quoting *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex. App.—San Antonio 1998, no pet.)); *see also Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977) ("The trustee has a separate capacity and is imposed with a particular legal responsibility."). Consequently, courts have rejected the argument of the form that a substitute trustee's citizenship should be ignored because she acted as an agent of a note holder. *E.g., Johnson* 2009 WL 2215103, at *4; *McIntosh v. U.S. Bank Nat'l Ass'n*, 4:11-CV-03874, 2012 WL 75141, at *4 (S.D. Tex. Jan. 10, 2012). What is more, "the [Texas] Property Code implicitly acknowledges that substitute trustees are proper parties to an action [for wrongful foreclosure]." *Ochoa v. US Bank & Nat'l Ass'n*, EP-10-CV-00487-KC, 2011 WL 2565366, at *3 (W.D. Tex. June 27, 2011) (Cardone, J.) (analyzing § 51.007 of the Texas Property Code and holding the plaintiff could maintain a cause of action against a substitute trustee when the trustee allegedly failed to give proper notice of the foreclosure sale pursuant to the Property Code); *see also* Order Remanding Cause to State Ct. 11, *Arredondo v. Mitrisin*, No. EP-10-CV-462-FM (W.D. Tex. Feb. 25, 2011) (Montalvo, J.) (finding § 51.007 of the Texas Property Code does not establish that trustees are improper parties); *King*, 2005 WL 2177209, at *5 (finding the plaintiffs pled a cause of action against the trustee who failed to give proper notice of the foreclosure sale and that "[b]ecause [the defendant], as trustee, acted in a separate capacity from [the banks] and bears responsibility for her actions in the foreclosure process, this Court finds that she has not been improperly joined."). The Court therefore is unpersuaded by Bank of America's arguments.

In sum, Bank of America has failed to demonstrate that there is no possibility that Magers will be able to establish a cause of action against Mitrisin on her claim for wrongful foreclosure. "Evaluat[ing] all of the factual allegations in the light most favorable to the plaintiff . . . and resolv[ing] all ambiguities in the controlling state law in the plaintiff's favor," *Guillory*, 434 F.3d at 308, the Court finds that there is arguably a reasonable basis for predicting that Texas might

-11-

impose liability on Mitrisin, and as such, Mitrisin was not improperly joined. Accordingly, because diversity jurisdiction was the only basis for removal, this Court does not have jurisdiction and the case must be remanded. *See Smallwood*, 385 F.3d at 575 ("If . . . the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated.").

## CONCLUSION

For the foregoing reasons, the Court enters the following orders.

**IT IS HEREBY ORDERED** that the above-captioned case is **REMANDED** to the 327th Judicial District Court of El Paso County, Texas.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**So ORDERED and SIGNED** this **26th** day of **February, 2013**.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE